THE JOHNSTOWN CHEESE MANUFACTURING COMPANY, Respondent, *v.* LEWIS VEGHTE, Appellant.

The rule that where one, by excavations upon his own land, without interfering with any known water-courses, withdraws water from his neighbor's well or spring by percolation, is not liable for the injury, does not apply where there is a grant or covenant between the parties, and the acts complained of are in derogation of the grant or in violation of the covenant.

Defendant conveyed by warranty deed to plaintiff certain premises, upon which was situated a cheese factory, " during the time it shall be used * * * for the purpose of manufacturing cheese thereon," also the use of the water for the purpose of such manufacture, as then conducted from springs on other lands of defendant not conveyed ; with the right to enter thereon to construct and repair the pipes for conducting the water, and the right, in case the water from the springs should prove insufficient for the business at the factory, to go upon such lands to dig other springs and conduct other water-courses to the factory. Defendant reserved the right to use water, in a specified way and for a specified purpose, but it was provided that he should not use it so as unnecessarily to interfere with the use of the water at the factory. After the conveyance, defendant unnecessarily made excavations and constructions upon his lands, which had the effect to materially diminish the supply of water from the springs, and to interrupt the business of the factory, which acts were persisted in after their effect had become apparent. In an action to recover damages and to restrain defendant from diverting the water, *held*, that plaintiff was entitled to judgment ; that defendant's acts were in derogation of his grant ; that he was precluded thereby from doing any act on his own land which should divert or diminish the supply of water, flowing at the time of the grant, from

the springs to the factory, and that it was immaterial whether the supply was diminished by interference with known water-courses, or by excavations, which withdrew water from the springs by percolation, or prevented its reaching them.

(*Bliss* v. *Greeley* [45 N. Y., 671], distinguished.)

(Argued February 2, 1877; decided March 20, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to restrain defendant from diverting water from plaintiff's cheese factory, and to recover damages for such diversion.

In April, 1869, defendant conveyed to plaintiff certain premises by warranty deed. The deed, after describing the premises conveyed by metes and bounds, continued as follows: "Being the same lot now fenced in, and on which the building now called the cheese factory now stands, for and during the time it shall be used by the party of the second part, and its assigns, for the purpose of manufacturing cheese thereon, and no longer. And whenever it shall cease to be used for that purpose, the said lands shall revert to the party of the first part, but the party of the second part shall have the right to remove therefrom the buildings and fixtures thereon, within a reasonable time after it shall cease to be used, and after notice to remove the same. Also the use of the water which is now conducted from the springs and streams on the lands of said Veghte to the lot above granted, and of the logs, pipes, water-courses, and apparatus used in conducting the same, for the purposes only of manufacturing cheese and the use of a family on said lot for the time aforesaid, and no longer, together with the right to enter upon the lands of said Veghte, and to construct and keep in repair all suitable and proper pipes, water-courses and apparatus for conducting the water from said springs and streams to said lot, upon paying to him whatever damages are done to his lands and crops in going thereon for that purpose. And the

said Veghte reserves, and he shall have the right to take and use in the day time only at the penstock which he now has on his lot south of said factory lot, and west of the highway, or such penstock, as he shall erect thereon in place thereof, so much water as shall be necessary to supply the cattle he is there pasturing on that lot and premises with drink during the day he so pastures them there, but not during the night; but he shall not take or use such water for any other purpose or at any other times; and in taking the same he shall not unnecessarily interfere with the use of said water for such factory. And in case the water from such springs and streams shall, at any time, prove insufficient for the manufacturing of cheese at said factory, the said party of the second part may go upon the lands of the said Veghte and dig other springs and conduct other water-courses therefrom to said lot, upon paying to him the damage done thereby to his lands and crops."

At the time of the grant the factory was supplied with water conducted to it from a reservoir on other lands of defendant, which was supplied by the waters of certain springs. The referee found in substance that defendant deepened a well upon his premises near to the main spring which furnished the principal part of the water for the factory and through pipes laid in ditches extending from the well, one of which pipes was sunk to the bottom of the well, conducted off the water; that two of these pipes "were entirely unnecessary and of no use to the defendant for any purpose," by means whereof the water was drawn from the main spring to such an extent that plaintiff had not water, at times, sufficient to operate its cheese factory.

The referee directed judgment for damages, and restraining and enjoining defendant from using or permitting the water to be so taken from the well when such use will draw from the main spring so as to interfere with plaintiff's use of the water at the cheese factory, and also restraining him from excavating or digging near the main spring so as to interfere with said use at the factory.

Judgment was entered accordingly. Further facts appear in the opinion.

*James E. Dewey*, for the appellant. By the deed from defendant the easement in his ungranted land was limited to the two springs existing at the time of its execution, and from which water was then being conducted to plaintiff's factory. (*Chasemore* v. *Richards*, 7 H. of L. Cas., 371; *Bliss* v. *Greeley*, 45 N. Y., 670; *Gloninger* v. *Frank. Coal Co.*, 55 Penn., 916; *Grubb* v. *Bayard*, 2 Wal. Jr., 81; *Doe* v. *Wood*, 2 B. & Ald., 724, 743; *Chetham* v. *Williamson*, 4 East, 469, 476.) No interest in the adjacent soil can pass as an incident or appurtenant to an easement. (*Ogden* v. *Jennings*, 62 N. Y., 526; *Ld. Darcy* v. *Askwith*, Hob., 390; *Dand* v. *Kingscote*, 6 M. & W., 189.) Defendant's use of his land was not in derogation of his grant. (*Palmer* v. *Wetmore*, 2 Sandf., 316, 318; *Myers* v. *Gemmel*, 10 Barb., 537.) The plaintiff had no right to change the nature of the thing, the use of which was granted. (*Ld. Darcy* v. *Askwith*, Hob., 390 [234]; *Dand* v. *Kingscote*, 6 M. & W., 174; *Hill* v. *Shorey*, 42 Vt., 614; Br. Leg. Max., 366–370; *Onthank* v. *L. S. R. R. Co.*, 8 Hun, 131–4; *Cary* v. *Daniels*, 8 Met., 466, 481; *Crittenden* v. *Field*, 8 Gray, 621.) Subterranean waters, feeding springs or wells by filtration, cannot be the subject of a grant or prescription. (*Jones* v. *Percival*, 5 Pick., 485; 8 Hun, 134; *Chasemore* v. *Richards*, 7 H. of L. Cas., 370, 385–6; 2 H. & N., 179; *Acton* v. *Blundell*, 12 M. & W., 352; Washb. on Easements [384, 389, 2d ed.], 462–468; *Trustees, etc.*, v. *Youmans*, 50 Barb., 320–1; *Haldeman* v. *Bruckhardt*, 45 Penn., 519.) The rule as to surface or known streams has no application to underground waters percolating or oozing through the soil. (Washb. on Easements, 363–385; *Bliss* v. *Greeley*, 45 N. Y., 671, 675; *Trustees, etc.*, v. *Youmans*, id., 362; 12 M. & W., 324; *Ellis* v. *Duncan*, 21 Barb., 235; 7 H. of L. Cas., 349; 2 H. & N., 168; *Roath* v. *Driscoll*, 20 Conn., 533; *Greenleaf* v. *Francis*, 18 Pick., 117; *Chatfield* v. *Wilson*, 28 Vt.,

49; *Frazier* v. *Brown*, 12 Ohio, 294; 8 Alb. L. J., 135; 3 id., 397; *Chase* v. *Silverstone*, 62 Me., 175; *Hougan* v. *M. & St. P. R. R. Co.*, 35 La., 556; 7 H. of L. Cas., 371–9; 12 M. & W., 324; 2 H. & N., 172, 179.) It was immaterial whether defendant's well withdrew percolation from the spring or caused the water to percolate out of it. (Washb. on Easements, 364, 379, § 16; 3 id., 443 [2d ed.], note 2; *New. R. Co.* v. *Johnson*, 2 El. & E., 435, 442, 445, 446 [105 E. C. L.]; *Acton* v. *Blundell*, 12 M. & W., 324; *Parker* v. *B. & M. R. R. Co.*, 3 Cush., 107, 114.) Plaintiff cannot be aided by the general covenant of warranty in the deed. (*Bliss* v. *Greeley*, 45 N. Y., 673; Will. on R. E., 586; 4 Kent's Com., 419; *McMullin* v. *Woolley*, 2 Lans., 394; *Mitchell* v. *Warner*, 5 Conn., 497–8, 522–7; *Whitbeck* v. *Cook*, 15 J. R., 485; Rawle's Cov. Title, 63.) As the deed contained only the general covenant of warranty, and no other warranty could be implied, plaintiff failed to prove the warranty alleged. (1 R. S., 738, § 140; 45 N. Y., 564.) Nothing but an eviction from the actual possession of land by a party having title paramount to the title of the grantee will constitute a breach of a general covenant of warranty. (*McMullin* v. *Woolley*, 2 Lans., 394; Will. on R. E., 414; *Mitchell* v. *Warner*, 5 Conn., 497, 522–7; *Whitbeck* v. *Cook*, 15 J. R., 483; Rawle's Cov. Title, 63.) If there had been any wrongful interference by defendant with the easement granted, the action therefor would be in *tort* and not on contract. (Code, § 171; *Butler* v. *Livermore*, 52 Barb., 570, 578; *Walter* v. *Bennett*, 16 N. Y., 250, 254; *Whitcomb* v. *Hungerford*, 42 Barb., 177, 185; *Ransom* v. *Wetmore*, 39 id., 104, 106; 28., id., 440, 444; 21 How., 289, 291; *Austin* v. *Rawdon*, 44 N. Y., 63, 69.) The injunction awarded was improper and erroneous. (*Frazier* v. *Brown*, 12 Ohio St., 294; *Roath* v. *Driscoll*, 20 Conn., 533; 21 Barb., 235, affirmed; 26 How., 601; Washb. on Easements, 698; 50 Barb., 328, 329.

*Horace E. Smith* for the respondent.    A grant carries with

it every incident necessary to make it effectual. (Platt on Cov., 56–58; *Bliss* v. *Greely*, 45 N. Y., 671, 674; *Whitehead* v. *Parks*, 2 H. & N., 870; *Northam* v. *Hurley*, 1 E. & B., 665; *Hodson* v. *Field*, 7 East, 613.) The covenant for quiet enjoyment goes to the possession and not to the title, and any actual disturbance of the possession or interference with the enjoyment of the grant, especially by the grantor, is a breach of the covenant, for which an action will lie. (Will. on R. E., 414; 4 Kent's Com., 473; *Seddon* v. *Senate*, 15 East, 78, 79; *Whitbeck* v. *Cook*, 15 J. R., 483, 490; Rawle on Cov., 185, 186; *Bliss* v. *Greely*, 45 N. Y., 671, 675.) If defendant, by acts upon his own land, either in the same lot or one adjacent, in which plaintiff had no interest, wantonly or maliciously disturbed plaintiff in the enjoyment of his easement, he is clearly liable for damages. (Washb. on Easements [2d ed.], 457; *Trustees, etc.,* v. *Youmans*, 50 Barb., 316, 320, 327; 45 N. Y., 362; *Panton* v. *Holland*, 17 J. R., 92–98.) The claim of defendant that because the water was diverted by percolation he is not liable, cannot be maintained. (45 N. Y., 362, 363; 50 Barb., 316, 320, 327; *Broadbent* v. *Ramsbottom*, 34 E. L. & Eq., 553; *Rawstron* v. *Taylor*, 33 id., 428.)

RAPALLO, J. The defendant, in his deed of conveyance to the plaintiff of the cheese factory situated on his farm, granted to it the use of the water *which was then conducted* to the factory from the springs on defendant's lands not included in the conveyance, and of the pipes, etc., used in conducting such water, and he covenanted to warrant and defend the granted premises against himself and all other persons.

This deed shows upon its face that the factory was conveyed for the purpose of enabling the plaintiff to manufacture cheese therein, and that the use of the water was essential for that purpose, and that it was the intent of the grant to secure to the plaintiff the necessary supply of water, and to render the whole of the land retained by the defendant ser-

vient to that end; for it confers upon the plaintiff the right to enter upon such lands of the defendant, and construct and keep in repair all proper pipes, water courses and apparatus for conducting the water from the springs to the factory; it limits the use of the water by the defendant, and provides that he shall not use it so as to unnecessarily interfere with the use of the water for the factory, and further provides that if said springs and streams shall at any time prove insufficient for the manufacture of cheese at the factory, the plaintiff may go upon the lands of the defendant and dig other springs and construct other water courses on paying the damages done to the lands and crops.

The intent of the grant therefore was to secure to the plaintiff all the water then conducted from the existing springs, with the right in case those should prove insufficient to construct others on payment of damages, etc.

This grant in our judgment precluded the defendant from doing any act on his own land, which should either divert or diminish the supply of water which at the time of the grant flowed from the springs in question to the factory; and we think it immaterial whether this diminution of supply was occasioned by interference with known water courses, or by excavations which withdrew the water from the springs by percolation, or prevented its reaching them. When there is no grant or covenant, the law is well settled that one who by excavations on his own land, not interfering with any known water course, withdraws water from his neighbor's well or spring by percolation, is not liable for the injury. (*Trustees of Delhi* v. *Youmans*, 45 N. Y., 362; *Bliss* v. *Greeley*, 45 N. Y., 671.) But where the question arises between grantor and grantee, or covenantor and covenantee, it depends upon the intent of the grant, and is whether the acts complained of are in derogation of the grant or in violation of the covenant. (*Whitehead* v. *Parks*, 2 Hurl. & Nor., 870.)

It was proved in the present case that after the conveyance to the plaintiffs, the defendant made excavations and con-

structions from time to time on his remaining lands, which had the effect of materially diminishing the supply of water from the springs and of depriving the cheese factory of the quantity of water which was conducted to it from the springs at the time of the grant, and that these acts were persisted in by the defendant after their effect had become apparent. It is found by the referee that these acts of the defendant were unnecessarily done by him, and were of no use to him for any purpose. That the effect of such acts was to draw the water from the main spring from which the factory derived its supply, to such an extent that, at times, the plaintiffs had not sufficient water to operate the factory, and the plaintiff was thereby deprived of the use of such water and had sustained damages in consequence thereof.

We are of opinion that these acts of the defendant were in derogation of his grant and in violation of his covenant, and that the judgment of the court below was justified by the facts. The case of *Bliss* v. *Greeley* (45 N. Y., 671) is cited on the part of the defendant as in conflict with this judgment; but the facts of that case were very different. In that case there was simply a grant of a right to dig and stone up a certain spring and to conduct the water therefrom through the grantor's land, with a covenant of warranty; and the court held that this did not preclude the grantor from sinking another spring on his land at some distance from the one granted, although the effect of it was to render the latter useless, provided such act was not done unnecessarily or maliciously. In that case the parties were regarded in the same light as adjacent owners, and the rule was applied that the defendant might lawfully dig on her own land, though the effect was to cut off the water from the plaintiff's spring by percolation. But there was no grant in that case of any particular supply of water from the spring, or from the defendant's lands. The grant was merely of the right to the spring, and secured the plaintiff no greater rights than such as he would have had if he had owned the land on which it was situated.

In this case the grant was of the use of the water which, at the time of the grant, was being conducted from the spring, and the intent was to secure the continuance of that supply of water, it being essential to the operation of the cheese factory conveyed.

We have examined the other points made by the appellant, but do not find in them any sufficient ground for reversing the judgment.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.