[No. 15650. Department Two.—November 2, 1894.]

## CLEMENTE YOCCO, Appellant, v. JOHN CONROY, Respondent.

Water Rights — Grant by Riparian Owner — Diversion — Domestic Use.—Where a riparian owner has granted to a nonriparian owner the right to lay a one-inch pipe across his land, so as to convey running water from a stream thereon to and over the land of the nonriparian owner perpetually and forever, such riparian owner parts with his riparian right to divert or use the water to the detriment of his grantee, to the extent of the capacity of his pipe, and such riparian owner has no preferred right to the use of the water granted for household purposes, or for watering cattle, upon his other riparian land, so as to interfere with the rights of his grantee.

Id.—Construction of Grant—Acts of Parties.—If the deed is open to construction as to the extent of the grant, the most reliable circumstance in aid of such construction is the practical construction given it by the acts of the parties during the years immediately following its execution.

Appeal from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion.

*William P. Veuve,* for Appellant.

*J. C. Black,* for Respondent.

Vanclief, C.—Action to recover damages for alleged wrongful diversion of water by defendant from plaintiff's water-pipe, through which he conducted water to his land for the purpose of irrigation; and also to enjoin the defendant from diverting such water perpetually. The cause was tried by the court without a jury, and the judgment was in favor of the defendant. The plain-

tiff brings this appeal from the judgment on the judg-ment-roll, and contends that, upon the facts found by the court, the judgment should have been in his favor.

The material substance of the facts found is as fol-lows: In February, 1881, the defendant owned and resided upon a tract of land through which ran a living stream of water called a gulch; and at the same time plaintiff owned an adjoining tract of land, no part of which adjoined or included any part of the stream or gulch. On February 12, 1881, the defendant, by a grant, bargain, and sale deed, conveyed to plaintiff one square rod of land at a certain point in said gulch, through the center of which square rod said stream ran; and by the same deed granted to plaintiff a defined right of way for a water-pipe of one-inch diameter, from said square rod of land to plaintiff's nonriparian land. After the description of the land and the right of way, the deed contains the following: "This deed is intended and does hereby grant and convey to the said party of the second part [plaintiff] the right to lay a one-inch pipe along the above-described piece of land [the way] so as to convey the running water from said gulch to and over the land of the said party of the second part, perpetually and forever." In the month of February, 1881, the plaintiff laid his pipe on the granted way and connected it with a box at a point in the stream, within the boundaries of said square rod of land; and thence, until the summer of 1889, without interruption or objec-tion, conducted water from the stream to his land to the full capacity of the pipe, except during such times as there was not sufficient water in the stream to supply the full capacity of the pipe, when he took all the water running in the stream above the head of his pipe. The findings of the court as to the use of the water by plain-tiff, and the diversion thereof by defendant, are as fol-lows:

"4. The plaintiff has maintained said box and pipe as aforesaid continuously ever since said twelfth day of February, 1881, and has continuously conducted and

used as much of the water of said gulch as flowed into said box and through said pipe, which was during nine months of the year the full capacity of said pipe. During the other three months of the year some water would flow into said box and through said pipe each day when none of the water in said gulch was diverted for the use of the defendant as an upper riparian owner; but when so diverted no water would flow into said box except what came into the stream below the diversion.

"5. That defendant, some time in the summer of the year 1889, without the consent of plaintiff, laid a three-fourths inch pipe from a point in said gulch one hundred feet above said box of plaintiff, and by means thereof has ever since diverted from said gulch all the water that said three-fourths inch pipe would carry, when sufficient water flowed in said gulch at that point to fill the same. Defendant has ever since maintained, and still maintains, said pipe, as aforesaid, and by means thereof has ever since diverted, and still diverts, all the water of said gulch which said three-fourths inch pipe would carry.

"6. That said acts of defendant and his diversion of the waters of said gulch, as aforesaid, have diminished the quantity of water flowing down said gulch to said box of plaintiff, which is in the natural course of said water, and in the summer and fall months, by reason of said acts of defendant, the quantity of water which has flowed and flows down said gulch to plaintiff's said box is not sufficient to fill his said one-inch pipe if allowed to flow without any obstruction or diversion.

"I further find that the defendant owns the land in and on both sides of said gulch, from the place where he diverts the water by means of his pipe to the place where the plaintiff's said box and pipe are located; and that the defendant has not at any time diverted any more of the water flowing in and through said gulch than was reasonably required for domestic purposes.

"7. That all the water that said one-inch pipe can

carry is and has always been necessary for the irrigation of plaintiff's said trees."

1. The principal ground upon which counsel for respondent endeavor to uphold the judgment is that defendant is riparian owner of all land over which the stream runs, except the square rod conveyed to plaintiff, and by reason thereof was entitled to divert the water as he did for domestic use, etc.

The ready answer to this is, that to whatever extent defendant granted to plaintiff the use of the water of the stream, to the same extent he parted with his riparian right to divert or use that water to the detriment of his grantee. (*Gould* v. *Stafford*, 91 Cal. 155, and authorities there cited; *Lux* v. *Haggin*, 69 Cal. 392.) And since plaintiff claims the use of the water solely under the grant from the defendant, his alleged rights depend upon that grant alone.

2. The only other ground upon which the respondent endeavors to support the judgment is that the deed does not expressly grant the right to divert water to the full capacity of plaintiff's pipe *at all times*, nor to divert all the water at any time; and that under the circumstances it should not be so construed as to deprive defendant of the use of sufficient water for domestic purposes, etc. But the principal circumstance urged as a reason why it should not be so construed is that defendant is riparian owner, and therefore has a preferred right to the use of so much water as is necessary for household purposes and for watering cattle, etc. The effect of this circumstance has already been considered; and besides, it is not found, and does not appear, that defendant had no other source of supply of water sufficient for all these purposes. If the deed is open to construction as to the extent of the grant the most reliable circumstance in aid of such construction is the practical construction given it by the acts of the parties during the first eight years immediately following its execution, during which period plaintiff diverted water to the full capacity of his pipe, except while there was not sufficient water in the

stream for that purpose, when he diverted all until interrupted by defendant in the summer of 1889. (See findings 4, 5.) Yet I think the diversion and use of the water by plaintiff during the first eight years was in accordance with the intention of the parties as expressed or clearly implied in the deed.

It appears by the findings that the diversion of the water by the defendant was a detriment to plaintiff for which the latter was entitled to nominal damages at least.

I think the judgment should be reversed and the cause remanded, with instructions to the trial court to render judgment on the findings in favor of plaintiff for nominal damages, and also to grant an injunction against the defendant perpetually restraining him from diverting any water from any point in the gulch above the head of plaintiff's pipe, except the surplus thereof over what may be necessary to supply plaintiff's pipe to its full capacity.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed, and the court below is instructed to render judgment in favor of plaintiff for one dollar as damages, and to grant a perpetual injunction against the defendant, restraining him from diverting any water from the gulch or stream from any point therein above the head of plaintiff's pipe, except the surplus thereof over and above so much as may be necessary to supply said pipe to the full capacity thereof.

MCFARLAND, J., FITZGERALD, J., DE HAVEN, J.