METCALFE v. FAUCHER.

(Court of Civil Appeals of Texas. Austin. April 5, 1911. On Motion for Rehearing, July 1, 1911.)

WATERS AND WATER COURSES (§ 167*)—DAMS —GRANTS—RIGHT TO WATER.

A contract provided that, in consideration of $250 paid by C., S. granted to C. and his heirs the right to keep and maintain a dam on a certain river for irrigation purposes, and the privilege of maintaining a ditch across a survey of land to convey water from the dam, which right was declared to be an easement for the use of C., his heirs and assigns, so long as they chose to use it. The seventh clause declared that S. and those holding under him should, to irrigate the land of S., have the right to construct and maintain ditches across C.'s ditch, but did not state where that water was to be obtained, and the fourth clause provided that S. granted to C. the exclusive privilege of erecting a dam upon the land described, and stipulated that S., his heirs and assigns, would not grant to any one else during the time that C. or his successors wished to retain the same their right of erecting a dam across the said river. Held that, the two latter clauses being ambiguous, the first clause was not changed, and C., as an incident to the easement granted, took the exclusive right to use the water impounded by the dam.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 192–202; Dec. Dig. § 167.*]

Appeal from District Court, Tom Green County; J. W. Timmins, Judge.

Action by C. B. Metcalfe against L. S. Faucher. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Wright & Wynn and Etheridge & Baker, for appellant. Hill, Lee & Hill, for appellee.

KEY, C. J. The nature of this suit and the contract which fixes the rights of the parties are stated in the former opinion of this court rendered in this cause. Metcalfe v. Faucher, 99 S. W. 1038. In that decision this court held: "The following is a disposition of the questions discussed in the briefs: (1) The trial court correctly held that the contract between Spence and Cunningham did not create in the latter an exclusive right to the water impounded by the dam. (2) That Spence, as the riparian owner, had and reserved a right to the use of the impounded water for irrigation purposes, subject to a

similar use, or one recognized in the contract, by the appellant, each party using it consistent with the rights of the other, based upon a fair and equitable apportionment. (3) The trial court correctly held that there was no prescription in favor of Cunningham and his vendee, Metcalfe. (4) It was also correctly held that the statement made by Spence to Metcalfe, which induced the latter to purchase, would not operate as an estoppel against appellee. The contract when appellee purchased being of record, the possession of Cunningham did not impose upon appellee the duty to extend his inquiry beyond the record. (5) These rulings leave open only the question as to whether the court should have proceeded to adopt some fair and equitable rule of apportionment of the use of the water. The pleadings are sufficient to justify the court in taking hold of this branch of the case, and, without intimating how the court should proceed in this matter, it is reversed on this latter ground." When the case went back, the plaintiff amended his petition by merely omitting his alternative prayer for an apportionment of the water. The petition upon which the case went to trial the last time contained a prayer for an injunction restraining the defendant from using any of the water impounded by the dam, and also asked for general and special relief. We are of opinion that, notwithstanding the amendment, the petition was sufficient to entitle the plaintiff to a decree apportioning the water; and we therefore hold that, according to our former decision, the trial court erred in sustaining the defendant's nineteenth demurrer to the plaintiff's petition, which demurrer is couched in these words: "Defendant further excepts to said petition and each paragraph thereof, and says the facts therein alleged are too vague, uncertain, and indefinite upon which to base an injunction restraining this defendant from taking water from said stream, and no facts are alleged upon which this court could pass an injunction restraining defendant from the use of any particular portion of the waters of said stream in such way that defendant would or could know that he was not violating said injunction." According to its terms and district court rule 18, the exception quoted was, in substance and effect, a general demurrer to the plaintiff petition. Therefore, as already stated, even if we should adhere to our former decision, the case would have to be reversed because of the action of the court in sustaining the exception referred to.

[1] However, a reconsideration of the case has forced the conclusion that this court fell into error when it held that the contract showed by its terms that Cunningham had not acquired the exclusive right to the water impounded by the dam, and that the contract reserved to Spence a right to use a portion of that water for irrigation purposes. After

a careful reconsideration of that question, we are of opinion that in that respect the contract is ambiguous; and, if the facts alleged by the plaintiff as to the conditions existing at the time the contract was made, and the intention of the parties in making it, are true, appellant is entitled to the exclusive use of the water impounded by the dam for irrigation and the other purposes stated in the contract, and appellee is not entitled to use any portion thereof for the same or similar purposes.

While the first clause in the contract does not in specific terms grant to Cunningham, appellant's remote vendor, the exclusive right to the water to be impounded by the dam constructed by Cunningham, it does, if not modified by other portions of the contract, carry with it as an incident to the easement granted such exclusive right to the use of the water. Stanwood v. Kimball, 13 Metc. (Mass.) 532; Wall v. Cloud, 3 Humph. (Tenn.) 181; Yocco v. Conroy, 104 Cal. 468, 38 Pac. 107; Daniels v. Citizens' Savings Association, 127 Mass. 534; Water Supply Co. v. Georgetown (Ky.) 81 S. W. 660; Johnston Cheese Mfg. Co. v. Veghte, 69 N. Y. 16, 25 Am. Rep. 125; Williams v. Harter, 121 Cal. 47, 53 Pac. 405; Arnett v. Linhart, 21 Colo. 188, 40 Pac. 355; Farm Investment Co. v. Gallup, 13 Wyo. 20, 76 Pac. 917; Herman v. Roberts, 119 N. Y. 37, 23 N. E. 442, 7 L. R. A. 226, 16 Am. St. Rep. 800; Crocker v. Cotting, 181 Mass. 146, 63 N. E. 403; Patout v. Lewis, 51 La. Ann. 210, 25 South. 134. But the seventh clause of the contract expressly reserves to appellee's remote vendor, Spence, and those holding under him, the right to construct and maintain ditches across the ditch constructed by Cunningham for the purpose of irrigating Spence's land. It is true that clause does not state where the water to be used by Spence for irrigating purposes is to be obtained; and in that respect that clause is ambiguous.

The fourth clause, which is also relied upon by appellant, is not itself free from ambiguity. In the first part it states that Spence grants to Cunningham the exclusive privilege of erecting a dam upon the land described, and then stipulates that Spence, his heirs and assigns, will not grant to any one else during the time that Cunningham or his heirs or assigns wish to retain the same "their right or privilege of erecting a dam across said river at any point on said lands." It is not entirely clear whether the pronoun "their" in the clause quoted was intended to refer to Cunningham and those holding under him, or to Spence and those holding under him.

On the other questions presented, we adhere to our former decision.

It may be a matter of regret that this court should overrule its former decision, but it is a satisfaction to know that its action in so doing will confer jurisdiction upon the Supreme Court, where the controlling question in the case can be finally decided.

For the error pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.

### On Motion for Rehearing.

It is true, as stated in this motion, that we were mistaken in stating in our former opinion that the amended petition upon which the case went to trial was the same as the one considered by this court on the former appeal, except that it omitted the alternative prayer for an apportionment of the water. A more careful comparison of the two petitions shows that the latter omitted the specific facts relied on in the former for an apportionment; and we now hold that the latter petition eliminated and did not present the question of apportionment. However, that ruling does not change the result, because, after reconsideration, we adhere to our last ruling, holding that the contract was ambiguous, and that, aside from the question of apportionment, appellant's petition stated a cause of action which he was entitled to have tried.

The motion for rehearing is overruled.