[S. F. No. 1687.   Department One.—November 10, 1900.]

HANNAH GREEN, Appellant, v. R. S. THORNTON et al., Respondents.

RES ADJUDICATA—PARTIES AND PRIVIES BOUND—DIFFERENT CAUSE OF ACTION.—The right, question, or fact definitely put in issue, and finally determined by a court of competent jurisdiction, cannot be contested in a subsequent action between the same parties or their privies, even if the second suit is for a different cause of action.

ID.—ACTION TO QUIET TITLE—FORMER ADJUDICATION—EJECTMENT SUIT BY PLAINTIFF'S GRANTOR.—In an action to quiet title, the principles adjudicated in a former action of ejectment brought by plaintiff's grantor against the same defendant are binding upon the plaintiff, where it appears that substantially the same evidence, documentary and parol, was introduced and considered in both cases, and the plaintiff relied upon the same title which was adjudicated against his grantor in the action of ejectment.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

T. M. Osmont, for Appellant.

Edward F. Fitzpatrick, B. B. Newman, and M. B. Kellogg, for Respondents.

VAN DYKE, J.—This is an appeal from an order denying plaintiff's motion for a new trial.   The action is to quiet title to the premises in question situated in San Mateo county.   In addition to the usual allegations in a complaint in such ac-

tion, the plaintiff avers, among other things, that on the first day of April, 1872, B. S. Green, since deceased, then the husband of plaintiff, was the owner and in possession of the lands and premises in question, and was then indebted to one John McCombe in a large sum of money; that on said date an action was commenced by said McCombe against said Green and the plaintiff to recover the amount due, in which action attachment was issued and levied upon said premises; that thereafter, on the fifth day of November, 1880, judgment was regularly entered in said action in favor of the plaintiff therein, McCombe, and against defendant, B. S. Green, former husband of the plaintiff herein, for the sum of two thousand five hundred and twenty-one dollars and twenty cents, upon which execution was issued to the sheriff of San Mateo county under which writ the said land and premises were duly levied upon on the sixteenth day of November, 1881, and thereafter sold, in accordance with law, on the tenth day of December, 1881, and purchased at said sale by one Alexander Forbes; that thereafter, on the fourth day of June, 1887, the sheriff's deed was duly executed and delivered to one C. P. Robinson, the assignee of said Forbes, and that the title so acquired by said Robinson has by mesne conveyance passed to and is now vested in the plaintiff. It is further averred that on the seventeenth day of August, 1872, the said B. S. Green executed to the defendant herein, Thornton, a conveyance of said land and premises, but at the time said Green was largely involved in debt and actually insolvent, and that for the purpose of avoiding the payment of his debts and screening and covering up said property, and of hindering and delaying and defrauding his creditors, said deed was executed, and that defendant Thornton was aware of said indebtedness and of the purpose of said Green in making said conveyance, and accepted said conveyance for the express purpose of enabling said Green to hinder, delay, and defraud his creditors; that said Thornton would hold the ostensible title to said premises until the debts against said Green should be barred by the statute of limitations, and thereupon that he would reconvey the same to Green; that no other consideration passed between the said parties for the said conveyance, and that said conveyance operates as a cloud upon plaintiff's title.

The defendant, in addition to answering the allegations of the complaint, by way of cross-complaint, sets up his deraignment of title to said premises, in which it is alleged that he entered into possession of the premises in question under the deed from Green in 1872, and has remained in possession ever since, claiming title thereto in his own right, paying all taxes assessed and levied thereon, and exercising other acts of ownership. The findings of the court are against the plaintiff, and sustain the averments of defendants' cross-complaint. These findings are supported by the evidence.

The contest in relation to the premises in question, in its various forms, has been in this court on several different occasions—in fact it has become a sort of *"Jarndyce v. Jarndyce."* (*Hyde v. Thornton,* 83 Cal. 83; *Hyde v. Boyle,* 86 Cal. 352; 89 Cal. 590; 93 Cal. 1; 105 Cal. 102; *Robinson v. Thornton,* 102 Cal. 675; 114 Cal. 275; 129 Cal. 12.) In the view we take of the case it is unnecessary to consider the several preliminary objections raised on the part of respondent, for on the merits the case is against the appellant.

The plaintiff relies upon possession and the title derived under the sale of the premises in the action of *McCombe v. Green.* In *Robinson v. Thornton, supra,* in reference to this title, it is said: "Judgment was not rendered in the action of *McCombe v. Green* until November 5, 1880, and at the date of sale thereunder, December, 1881, the judgment debtors had no interest in the land upon which the judgment could be a lien; and as their interest in the land that was attached had been extinguished, and as with its extinguishment the lien of the attachment upon that interest was also extinguished, the land was not subject to sale in satisfaction of the judgment. . . . . Green himself would be estopped by his deed (to Thornton) from claiming any title in the land, and as whatever title Green had at the date of the judgment had been extinguished prior to the time when Thornton took possession of the land, the lien of the attachment against his interest was terminated and could no longer form the basis for the support of any sale that might be made under the judgment afterward obtained in the action." (See, also, the same case on a subsequent appeal, 114 Cal. 275.)

Although the action of *Robinson v. Thornton, supra,* was ejectment and this is an action to quiet title, the same evidence substantially, documentary and parol, was introduced and considered in both cases, and the principles laid down in that case bind the plaintiff in this, being the successor in interest of Robinson. In *Southern Pac. R. R. Co. v. United States,* 168 U. S. 1, it is said: "The general principle announced in numerous cases in this court is that the right, question, or fact, definitely put in issue and directly determined by the court of competent jurisdiction as a ground of recovery, cannot be contested in a subsequent dispute between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order, or the aid of judicial tribunals would not be invoked for the vindication of rights of persons and property, if, as between parties and their privies, conclusiveness did not attend the judgment of such tribunals in respect to all matters of property put in issue and actually determined by them."

The books are full of cases in the same line, but it is altogether unnecessary to cite more of them. The court was, therefore, justified in finding that the plaintiff had no title to the premises in controversy; and, as already stated, the court also found from the evidence that the plaintiff was not in possession or entitled to the possession, but, on the contrary, that "on said eighteenth day of August, 1872, said Thornton entered into the possession of said lands and premises, and has ever since been in possession thereof, claiming title thereto," and was at the time of the commencement of the action, and for a long time prior thereto, the owner and seised in fee simple, and in possession and entitled to the possession, of said property and premises.

The appellant's point that the court erred in excluding the

deed from H. C. Hyde, assignee in bankruptcy of W. Ford, to Robinson is not well taken, as for the reasons stated in the defendants' objections to the introduction of said deed the ruling of the court was correct.

The order appealed from is affirmed.

Garoutte, J., and Harrison, J., concurred.

Hearing in Bank denied.