[S. F. No. 5258. In Bank.—August 25, 1910.]

S. J. DUCKWORTH et al., Substituted for FLORA Mc-KINLAY DUCKWORTH, Respondents, v. WATSON-VILLE WATER AND LIGHT COMPANY (a Corporation), FRANCIS SMITH, and W. W. MONTAGUE, 'Appellants.

WATER-RIGHTS—PLEADING—ANSWER—CROSS-COMPLAINT—DECISION UPON FORMER APPEAL—AMENDMENT—HARMLESS RULING.—Where, upon a former appeal in an action to determine water-rights, it was held that the answer of plaintiff to the cross-complaint of defendant was evasive, but that no facts were admitted in opposition to the affirmative averments of the answer that the plaintiff had an interest in the waters by appropriation, and it appears that the trial court, after reversal, made an *ex parte* order allowing plaintiff to amend his answer to the cross-complaint so as to make the denial specific, the order permitting such amendment, if error, was harmless, as it did not change the issues.

ID.—STREAMS—WATERS OF LAKE, TRIBUTARIES AND OUTLET—SUPPORT OF FINDING.—It is held the evidence sufficiently supports the finding that "Pinto Lake, its tributaries and outlet, is part of a running stream," and that this finding will be applied in the determination of the present appeal.

ID.—ACTUAL APPROPRIATION—NON-COMPLIANCE WITH CODE.—An actual appropriation of the waters of a stream is effective, although there is no compliance with the provisions of the code to confer a prior right as against any person who did not have at the time of the diversion a superior right. Such appropriation cannot divest prior rights, but will be good as against a subsequent appropriator.

ID.—EFFECT OF COMPLIANCE WITH CODE—RELATION TO POSTING.—Compliance with the provisions of the code relative to appropriation is important only in so far as the claimant seeks to have his right relate back to the date of posting. Such compliance will cut off rights accruing between the date of posting and the actual diversion for beneficial purposes.

ID.—ABSENCE OF INTERVENING RIGHTS.—Where there are no intervening rights which can take effect by relation to a prior posting, an actual appropriation may be made without the posting of any notice in compliance with the code, which will be effective as against a subsequent posting in compliance with the code.

ID.—EXTENT OF PRIOR APPROPRIATION.—Where the prior actual appropriation of the defendant water company was limited to forty inches of water, it cannot be extended because it was applied to two beneficial purposes—the irrigation of its lands and a reserve or emergency supply to the inhabitants of a city.

ID.—CONVEYANCE OF WATER-RIGHTS FROM PRIOR OWNERS OF PLAINTIFF'S LAND—RIGHTS OF WATER COMPANY AS GRANTEE—FINDING—DECREE. A conveyance of further water-rights to the grantors of the defendant water company from the prior owner of land now owned by plaintiff, save water needed for domestic and culinary purposes and the watering of stock, was effective to vest such grantors and said defendant with the riparian right to all waters appurtenant to said land for irrigation, and the defendant corporation, which pleaded the rights so conveyed in its answer, was entitled to a finding thereon and to have the rights so vested protected in the decree as against the plaintiff.

ID.—ESTOPPEL OF PLAINTIFF BY DEED OF GRANTOR—RIGHTS VESTED NOT DIVESTIBLE BY APPROPRIATION.—The plaintiff is estopped by the deed of his predecessor in interest conveying all water for the irrigation of his land to defendant's grantors, from asserting any interest in antagonism to such deed. It is of no importance that he bases his antagonism upon an appropriation of such water for irrigation subsequent to the deed. He cannot thereby take away any portion of the water-rights vested in defendant under such prior grant, by the mere device of calling it an appropriation.

APPEAL from a judgment of the Superior Court of Santa Cruz County and from an order denying a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Charles A. Shurtleff, and H. C. Wyckoff, for Appellants.

H. A. Van C. Torchiana, and W. P. Netherton, for Respondents.

SLOSS, J.—The first trial of this action, which involves the rights of the parties to the waters of Pinto Lake, in Santa Cruz County, resulted in a judgment declaring that the plaintiffs had a prior right to take as much water as they could beneficially use upon their land, not exceeding a continuous flow of two hundred and fifty miner's inches. Upon an appeal to this court, the judgment was reversed for reasons stated in an opinion reported in 150 Cal., at page 520, [89 Pac. 338]. The facts giving rise to the controversy, and the relative situations of the parties and their property are set forth in that opinion, and need not be restated here.

Upon a second trial, the superior court gave judgment declaring that the Watsonville Water and Light Company has the right, as riparian owner, to divert and apply on its land riparian to said lake, ten miner's inches of water; that it has the right, by virtue of appropriation, to divert forty miner's inches for a beneficial purpose or use; and that, subject to these rights of the said Water and Light Company, the plaintiff, S. J. Duckworth, has the right to divert one hundred and forty-two miner's inches of water from Pinto Lake for beneficial purposes. Each of the said parties is enjoined from interfering with the rights of the other as above defined.

The defendants now appeal from this judgment and from an order denying their motion for a new trial.

A preliminary question should be disposed of before proceeding to a consideration of the merits. In its cross-complaint the Watsonville Water and Light Company alleged that it was the owner and entitled to the exclusive use of all the waters contained and flowing in Pinto Lake. The plaintiff answered this allegation in a form that was declared by this

court, on the former appeal, to be, to a certain extent, evasive. The appellants now complain of the action of the court below in making an *ex parte* order, after the reversal of the first judgment by this court, permitting the plaintiffs to amend their answer to the cross-complaint by denying specifically the aforesaid allegation. It is unnecessary to consider whether this order was erroneous. The amendment made no material change in the issues. Under the original answer, the allegation that the cross-complainant owned all the water of the lake was, as is pointed out in the former opinion, admitted only in so far as such allegation was not "inconsistent with the affirmative allegations of the answer." (See 150 Cal. 530, [89 Pac. 343].) One of these allegations was that plaintiff, S. J. Duckworth, "has a right to and an interest in said waters . . . as an appropriator." He claims here only as such appropriator, and the order permitting him to amend was, therefore, if error, harmless.

The appellants attack the sufficiency of the evidence to sustain a finding "that Pinto Lake, its tributaries and outlet, is part of a running stream." This finding followed the verdict of an advisory jury to which certain special issues had been submitted. A similar finding had been made at the first trial. Upon the former appeal we said, in answer to an objection like the one now made, that we could not "agree with the appellant in his contention that the finding that the lake, or its tributaries, constituted a running stream, is not sustained by the evidence." The showing in support of the finding contained in the present record is quite as strong as that before this court on the earlier appeal. Without giving to the view heretofore expressed by us binding force as the "law of the case" (see *Allen* v. *Bryant*, 155 Cal. 256, [100 Pac. 704], and cases cited), we are, after reconsideration, satisfied with that view, and shall apply it to the present appeal.

In disposing of this point, it may be well to advert to the alleged error of the trial court in declining to permit appellants' witnesses to state whether, in their opinions, "Pinto Lake is a lake." We think that the objection that the question called for expert testimony on a matter not properly the subject of expert testimony was well taken. The facts and conditions observed by the witnesses had been fully de-

scribed. Whether the subject of their observation and testimony constituted a watercourse or a body of standing water was a question which could be answered by any one who was properly informed regarding the definitions of the respective terms. The distinction between a stream and a lake was, presumably, correctly declared to the jury as matter of law. The ultimate question whether or not there was a running stream was to be answered by the jury, acting under proper instructions, or by the court itself.

The court found that the Watsonville Water and Light Company is the riparian owner of a strip of land bordering the lake; that five and one half acres of said land is capable of cultivation, and that not more than ten inches of water could be used for the irrigation of this land. It found, further, that, since 1901, the said company has diverted forty inches of water from Pinto Lake and that this water has been sold by the company and applied to lands non-riparian to Pinto Lake. The plaintiff S. J. Duckworth has succeded to the interest of his wife, Flora McKinlay Duckworth, who was originally joined with him as plaintiff. It is found that, prior to the commencement of the action, said S. J. Duckworth posted on the bank of the lake a notice of appropriation, giving notice that he proposed to appropriate two hundred and fifty inches of water from said lake. The recording of the notice and the commencement and prosecution of the necessary work are found. There is a finding that plaintiff has actually appropriated and diverted from the lake one hundred and forty-two inches of water, and applied it to the beneficial purpose of irrigating a portion of his land, and that this diversion has not materially increased the cost to the water and light company of taking water from the lake.

If these findings stood alone, and if all of them were sustained by the evidence, the judgment establishing the rights of the parties as hereinabove stated would appear to be free from objection. The appellants question the sufficiency of the evidence to support some of these findings. It is claimed, in the first place, that there is no evidence that the plaintiff's notice of appropriation was ever recorded. This claim appears to be well founded. An examination of the bill of exceptions fails to disclose any showing on this point. A further attack

on the sufficiency of plaintiff's appropriation is that the notice designated a six-inch pipe as the means of diversion, whereas the diversion was in fact made through a twelve-inch pipe. On the former appeal the question whether the use of a larger conduit than the one specified would vitiate a notice of appropriation was expressly left open for the reason that it was not presented by the record. We do not think a decision of this question is required by the state of the case as it now appears. Let us assume that no rights can be founded on the notice, whether for want of recording or for failure to state correctly the size of the pipe through which water was to be diverted. (Civ. Code, sec. 1415.) The plaintiff did, however, actually divert and apply to a beneficial use one hundred and forty-two inches of water, as is found by the court on sufficient evidence. Such actual appropriation, without compliance with the code provisions, is enough to give him a right as against any one who did not have, at the time of the diversion, a superior right. It cannot divest prior rights, but it will be good as against a subsequent appropriator. (*Wells* v. *Mantes,* 99 Cal. 583, [34 Pac. 324]; *Watterson* v. *Saldunbehere,* 101 Cal. 106, [35 Pac.. 432].) Compliance with the sections of the code relative to appropriation are important only in so far as the claimant seeks to have his right relate back to the date of posting. (Civ. Code, sec. 1418.) Such compliance will cut off rights accruing between the date of posting and the actual diversion for beneficial purposes. If no such rights have intervened, the actual appropriation may be made without following the provisions of the code. (*DeNecochea* v. *Curtis,* 80 Cal. 397, [20 Pac. 563, 22 Pac. 198]; *Burrows* v. *Burrows,* 82 Cal. 564, [23 Pac. 146]; *Wells* v. *Mantes,* 99 Cal. 583, [34 Pac. 324].) In the case at bar the prior rights of the water company as riparian owner and senior appropriator, so far as it was found to have such rights, were fully recognized and preserved by the decree. The company claimed no right accruing between the posting of the notice and the actual diversion and use by Duckworth. The failure to follow the code provisions is therefore immaterial.

The appellant water company claims, however, that under its prior appropriation it was entitled, not only to the forty inches of water which it had actually diverted and applied

to beneficial uses, but to a further quantity as a reserve or emergency supply for the city of Watsonville to be drawn on in case of accident to the pipe-line from which said city is usually supplied. By an amendment to the answer the defendants alleged that the water company had connected the pipe leading from the lake with a reservoir connecting with its system of pipes supplying the city of Watsonville for the purpose of appropriating the waters of the lake for the furnishing of a reserve for such emergency uses. We do not see that this fact in and of itself could give the company a right to anything in excess of the forty inches. The only diversion alleged was one of forty inches through a fifteen-inch pipe, and the water taken through such pipe was applied, as the answer states, to two beneficial purposes, i. e., the irrigation of lands and a reserve or emergency supply. But the total amount claimed to have been diverted for both purposes was forty inches and the company's prior right to take this amount is recognized by the decree.

The appellant water company claims further that it had, by virtue of certain deeds, rights which were prior and superior to any right of Duckworth to use the waters of Pinto Lake on his land except for domestic purposes and the watering of stock. The answer avers that in 1885, while Carmen Amesti de McKinlay was the owner of the land now owned by plaintiff and upon which he is applying the water claimed by him as appropriator, she conveyed to the defendants Smith and Montague all and singular the water and riparian rights and water-rights and privileges of every kind, character, and description, which belong or in any manner pertain to said land, save and except the necessary water for domestic and culinary purposes and the watering of stock. The court made a finding in support of this allegation. There is, however, no finding upon the further averment of the answer that in January, 1897, Smith and Montague conveyed to the Watsonville Water and Light Company all the rights so conveyed to them by Mrs. McKinlay. The defendant corporation was entitled to a finding on this issue, and, if the finding was in its favor, to have the rights vested in it under said deed protected by the decree. The plaintiff claims title as successor in interest to Mrs. McKinlay, and, as owner of the land, is bound by her deed to the same extent that she

was. The purpose and effect of the conveyance was to transfer to the grantees whatever right the grantor had to apply the waters of Pinto Lake to the land of the grantor, except for domestic uses and irrigation of stock. The instrument conveys not only riparian rights, but all water and water-rights and privileges of every kind, character, and description which belong, or in any manner pertain to said land. The right, or one of the rights now asserted by Duckworth is to apply the waters of Pinto Lake to the irrigation of the same land. This is a right which has been transferred by his predecessor in interest to the defendant, and he is, by virtue of her deed, estopped from asserting it in antagonism to her grantees. It is of no consequence that he bases his claim upon a so-called appropriation, made subsequent to the deed. An appropriation, under our statute, has only the effect of giving the appropriator "a right superior to that of any subsequent appropriator on the same stream. But he acquires thereby no right whatever as against rights existing in the water at the time his appropriation was begun. An appropriation does not of itself deprive any private person of his rights; it merely vests in the appropriator such rights as have not previously become vested in private ownership. . . ." (*Duckworth* v. *Watsonville etc. Co.*, 150 Cal. 520, 531, [89 Pac. 338, 343].) But if Duckworth, in applying waters for the benefit of his lands were to be given priority over the use of the same waters by the Watsonville Water and Light Company, his appropriation would have the effect of taking away from said company a part of the very right which had been transferred by plaintiff's predecessor, so far as she was capable of transferring it. That grant was, of course, not effective to convey any right not owned by the grantor or owned by third parties. It was, however, effective as an estoppel on the grantor and her successors, preventing them from objecting to any use by the water company of water which might, in the absence of the deed, have been applied for the benefit of the McKinlay land. That it operated as such estoppel, so far as plaintiff's riparian right is concerned, was expressly held on the former appeal, where we said that, because of said deeds, "the water company can use the water for any purpose, at any place, and in any quantity which leaves plaintiffs enough for stock and domes-

tic purposes." It is true that in the same opinion we said that "Duckworth claims a right to a part of the water by appropriation, and with respect to the right thus claimed he has a *status* which entitles him to challenge the right of the water company. His privity with the McKinlay deed does not estop him from making an appropriation of any water in the lake that may be subject to appropriation, nor from demanding that the water company shall not make a greater use of the water than it is authorized to do by the rights which it is shown to have, if such use interferes with an appropriative right by him." But in this passage we were speaking of the general right to appropriate water for use upon land other than that owned by the grantor of the deeds. It was intended to declare merely that the making of the deeds did not prevent the maker or her successors from appropriating water. Whether Duckworth had any rights as appropriator was not decided, nor was it decided that he could, notwithstanding the grant of all water and water-rights belonging or pertaining to certain land, make an appropriation for use upon that very land, which should be good as against the grantees or their successors. For the reasons above stated, we think it must be held that he could not appropriate for that purpose. The right which he claims is the right to take water and use it upon his land. That right has been conveyed to the defendant, and the plaintiff cannot, in the face of his predecessor's deed, be permitted to revive it, or retake it by the mere device of entitling his taking an "appropriation."

If, upon another trial, it should be found that the rights conveyed to Smith and Montague are now vested in the water company, the latter is entitled to a decree declaring that it has a right, superior to any claim of plaintiff to use water on the land mentioned in the deeds, to take water from the lake in any quantity and for any purpose, provided enough is left for domestic purposes and stock on plaintiff's land. This right extends not only to the water actually heretofore taken by the water company, but to all which it may hereafter divert and apply to beneficial use.

As a new trial will be necessary, we express no opinion upon the sufficiency of the evidence to support the finding that the cost to the water company of taking water has not

materially increased since the diversion of one hundred and forty-two inches of water by plaintiff. The issue will have to be tried again, and the evidence relating to it may differ from that now before us.

It may, perhaps, be unnecessary to add that the foregoing discussion has reference simply to the rights of the parties *inter se*. The right of third parties to take a part of the water of the lake, or to complain of a diversion by any of the parties to this action, is not here involved, and cannot be affected by anything here decided.

Under the views herein expressed, the further points made by appellants do not, we think, require attention.

The judgment and order denying a new trial are reversed.

Angellotti, J., and Lorigan, J., concurred.

SHAW, J., concurring.—I concur.

There appears to have been some misapprehension by counsel concerning the passage in the opinion upon the former appeal in this case relating to the *status* of Duckworth as an appropriator or user of water not taken under any claim of riparian rights. Having written that opinion, I take this occasion to state more fully what I conceive to be the true doctrine on that point.

Duckworth was not, at the time of the first trial, the owner of the McKinlay lands, but held a lease thereon. The notices of appropriation posted by him stated that he proposed to use the water upon other lands, as well as upon that land. This reference to other lands may have been insufficient under the code, as a designation of the place of intended use, and for that reason his notice of appropriation may have been void, as to use on such other lands, or *in toto,* as a proceeding under the statute, but it was sufficient to show that he was claiming a right to divert water for use on lands other than the McKinlay lands, which might ripen into a right by prescription, and as to these other lands he would not be estopped by the McKinlay deeds to Smith and Montague. Now if Duckworth was at the time actually diverting water from the lake and using it on such other lands, not riparian, and the defendant company was also diverting water therefrom for use on non-riparian land, which, for the pur-

poses of the discussion to which the passage from the former
opinion was devoted, might have been the case as between
them, in such a case the law is thoroughly settled that the
one first in time is first in right. With respect to these pos-
sible antagonistic claims, therefore, Duckworth had the right
to show, if he could, that his diversion and use on such other
lands antedated that of the defendant, or any recent enlarge-
ment of its use by the defendant. We were then consider-
ing not the actual case, but the case as it might possibly
develop under the pleadings, and it was this claim of right,
which was referred to in the former opinion in the expres-
sion, "with respect to the right thus claimed he has a *status*
which entitles him to challenge the right of the water com-
pany." We did not say that he was entitled to prevail over
the water company, but that he was in a position, with regard
to or by virtue of the pleadings, to attack or to *challenge* the
alleged right of the defendant, a position which made their
alleged rights as users of water on non-riparian lands a
material issue in the case, as presented in the pleadings. It
seems from the record before the court on the present appeal
that he does not now claim the right to use the water, except
on the McKinlay lands. This being the case, all that was said
on this subject on the previous appeal is inapplicable to the
present case.

Perhaps something more should be said regarding the effect
of a conveyance, by the owner of riparian land, of his riparian
right therein, to another for non-riparian use. The court
below seems to have been of the opinion that the riparian
right consisted of the ownership of a definite quantity of
the water of the lake, a quantity equal only to the amount
which could be beneficially used on the riparian land con-
cerned, and that the conveyance merely transferred to the
grantees that quantity from the lake, leaving the riparian
grantor free to take thereafter an equal or greater quantity
therefrom and use it on the identical land, provided only
that he must leave enough to furnish to the grantees the
definite quantity which, by this theory, was conveyed, or,
if the grantees were using less, then enough to provide for
their actual use from time to time. This was not the legal
effect of the conveyance. The riparian right exists solely
because the land abuts upon the water. It is parcel of the

land. It extends to all the water which may be reached from the land, and not to any specific particles or definite quantity or area of it. It is the right to make reasonable use and consumption of the water on the adjoining land and to a reasonable use of the water, in place, in connection with and for the benefit of the land. The water cannot be severed from the land and transferred to a third person so as to give him the title and right to remove it, as against other riparian owners. The grantor alone will be estopped by such a conveyance. The estoppel against him, with respect to the use and consumption of the water, or diversion from its natural position, must be as complete and extensive as was the right he conveyed. The McKinlay deeds conveyed the entire right to use this water for irrigation on these lands to the defendant's predecessors and it now belongs to the defendant and not to Duckworth. A man may not eat his cake and have it. A man who sells a right to do a thing cannot thereafter exercise the right himself, except by permission of the buyer, and it is immaterial that the buyer may not be using or exercising it. If the water company had obtained similar deeds from the owners of all the lands abutting upon the lake and its tributaries, it would have obtained a complete estoppel against such landowners which would have prevented them from interfering with any use it saw fit to make of the water, and such estoppel would undoubtedly extend to all the water of the lake. If, having this right of estoppel, it chose to use only a part of the water, or none of it, this neglect to use it would not give any of the owners the right to take that which the company suffered to remain unused. A judgment which purported to give such owners the unqualified right to use the water on their respective tracts, as against the company, would operate to deprive the company of the property which it had bought and paid for and to return that property to the person who sold it and received payment of the price. The same principle must apply when the estoppel has been obtained as to one, only, of the riparian owners. He is absolutely estopped to use any part of the water on the land, except as specified in the deed by which he is bound. These propositions are fully established by the following authorities: *Alhambra etc. Co.* v. *Mayberry*, 88 Cal. 74, [25 Pac. 1101] ; *Gould* v. *Staf-*

*ford,* 91 Cal. 155, [27 Pac. 543]; *Gould* v. *Eaton,* 117 Cal. 542, [49 Pac. 577]; *Yocco* v. *Conroy,* 104 Cal. 471, [38 Pac. 107]; *Lux* v. *Haggin,* 69 Cal. 300, 310, 392, [4 Pac. 919, 10 Pac. 674]; *Helena W. Co.* v. *Forbes,* 62 Cal. 184, [45 Am. Rep. 659]; *Zimmler* v. *San Luis W. Co.,* 57 Cal. 222; Farnham on Waters, secs. 462, 463; Gould on Waters, secs. 207, 215.

Rehearing denied.

Beatty, C. J., dissented from the order denying a rehearing.