[Civ. No. 357. Fourth Appellate District.—April 15, 1931.]

ALVA V. STANTON, Respondent, v. GEORGE L. STANTON, Appellant.

Leo B. Ward for Appellant.

Milton H. Silverberg for Respondent.

JENNINGS, J.—Defendant appeals from an interlocutory decree in an action for divorce. The complaint alleged and the trial court found that the defendant had been guilty of extreme cruelty. Appellant attacks the findings upon this issue as not being sufficiently supported by the evidence. It is also contended that there was insufficient corroboration of respondent's testimony relative to the acts and conduct of appellant which it was alleged constituted extreme cruelty.

 Appellant's chief contention is that the trial court committed error in admitting testimony as to the excessive use of intoxicating liquor by appellant without first requiring respondent to prove other acts which would amount to cruelty and further that the findings and judgment of the trial court are unsupported by evidence of any acts or conduct of appellant amounting to cruelty other than evidence relating to appellant's habitual intemperance. It would appear to be elementary that excessive addiction to the use of intoxicating liquor or habitual intemperance may be a contributing factor to a course of conduct on the part of one of the spouses that would inflict grievous physical injury or grievous mental suffering on the other (*Bennett* v. *Bennett*, 55 Cal. App. 268 [203 Pac. 162]). Nor do we understand that the appellant contends otherwise. His objection seems to be that the findings of the trial court with respect to the issue of extreme cruelty are unsupported by evidence, properly corroborated, of any act or conduct other than excessive indulgence in intoxicating liquor and that evidence of such indulgence standing alone is insufficient to sustain a finding of extreme cruelty. The allegations with respect to cruelty are contained in paragraph IV of the complaint. They comprise six specifications of acts which it is alleged caused respondent to suffer grievous bodily harm and mental anguish. These six specifications are in brief as follows: (1) Excessive drinking of intoxicants; (2) Threat by appellant at Long Beach, California, during the month of January, 1927, that he would kill respondent if she did not return to him, appellant then being armed with a revolver; (3) Gambling on numerous occasions; (4) Continued absence from home until late hours of night; (5) Threat of bodily harm made by appellant on October 23, 1927; (6) Appellant's reputation for intemperance in the neighborhood where the parties resided produced comment which caused respondent great suffering.

 As to three of such specifications, viz.: excessive drinking, continued absence from home until late hours, and reputation for intemperance, testimony corroborative of that of respondent herself was produced. It is true that as to these matters the evidence of appellant contradicted that presented by respondent. But the resulting conflict in the evidence does not justify this court in disturbing the trial

court's finding that appellant had been guilty of pursuing the course of conduct suggested. · That such a course might cause grievous mental suffering to respondent can hardly be said to be open to serious doubt. We therefore conclude that the court's finding that appellant was guilty of extreme cruelty is sufficiently sustained by the evidence presented by respondent.

▉ Objection is made that the court erred in admitting evidence of certain acts said to have been committed by appellant as to which no allegations were made in the complaint. These acts consisted of expectoration in the kitchen sink and wash-basin, failure to flush the toilet and attempts by appellant to indulge in a form of unnatural intercourse with respondent. The testimony relative to the commission of such acts appears to have been offered and admitted on the theory that it tended to corroborate respondent's testimony that appellant was addicted to the excessive use of intoxicants. Conceding, for the sake of argument, that evidence as to the acts hereinabove described was inadmissible and that its reception was error, we are, nevertheless, of the opinion, after careful consideration of the entire record, that the error complained of is not sufficiently prejudicial to justify a reversal of the judgment (*Coleman* v. *Farwell*, 206 Cal. 740 [276 Pac. 335]; Const. Cal., sec. 4½, art. VI).

▉ It is further contended by appellant that the judgment is not supported by the findings in that there is no sufficient finding as to the acts complained of. In this regard the court's finding is as follows:

"The court further finds that the defendant was guilty of cruelty and that the allegations contained in paragraph IV of plaintiff's complaint on file herein are true."

This finding is obviously general and can hardly be said to be deserving of unrestrained commendation. Nevertheless, findings of this character have quite generally been sustained (24 Cal. Jur., p. 987; *Decou* v. *Howell*, 190 Cal. 741 [214 Pac. 444]; *Homeseekers Loan Assn.* v. *Gleeson*, 133 Cal. 312 [65 Pac. 617]; *Adams* v. *Barber*, 21 Cal. App. 503 [132 Pac. 273]; *Heinrich* v. *Heinrich*, 2 Cal. App. 479 [84 Pac. 326]).

▉ Appellant's final contention is that the judgment, in so far as it provides for an award of $20 per week for the support of plaintiff and the minor child of the parties,

custody of whom was given to respondent, lacks the support of a finding to this effect and no evidence relative to such award for support was presented during the trial. It is true that no evidence relating to an award of money for the support of respondent and the minor child was presented. It is also true that the court made no finding in the matter of such an award. For that matter, the complaint contains no specific prayer for support. ■ But it is to be borne in mind that an allowance of alimony or money for the support of the wife is an incident to a divorce action and the determination as to allowance of alimony is not the trial of an issue in the case (*Gaston* v. *Gaston*, 114 Cal. 542 [55 Am. St. Rep. 86, 46 Pac. 609]; *Hunter* v. *Hunter*, 111 Cal. 261 [52 Am. St. Rep. 180, 31 L. R. A. 411, 43 Pac. 756]; 1 Cal. Jur., p. 1011). Furthermore, it is to be remembered that the award of support money herein was made for the support not only of the wife, but also of a minor child. ■ The power of the court to make proper and adequate provision for the support of a minor child is not dependent upon allegations in the pleadings. The authority of the court to make such provision is statutory (9 Cal. Jur., p. 801; Civ. Code, secs. 138, 139). Since, therefore, the court possessed the authority conferred upon it by statute to make an order for the support of the minor child, and it has made an order contained in the judgment that appellant shall pay a certain sum for the support of respondent and the child, such order should be upheld as a proper exercise of its authority to provide for the child's support.

For the reasons herein set forth, the judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.