[Civ. No. 17458.   First Dist., Div. One.   Dec. 6, 1957.]

AGNES D. DOOLEY, Appellant, v. ELMER B. DOOLEY, Respondent.

Connolly & Farbstein, William J. Connolly and Donald Farbstein for Appellant.

Doyle & Clecak for Respondent.

WOOD (Fred B.), J.—Plaintiff has appealed from an interlocutory decree of divorce granted in her favor upon the ground of extreme cruelty. It awarded her over 70 per cent in value of the community property (including the family dwelling and a summer home, valued by her at $17,000 and $7,600, respectively) ; gave her custody of the minor children (aged 18, 15, 11 and 6 at the time of the trial), directing defendant to pay her for their support $80, $75, $50 and $45 per month, respectively; and awarded her no alimony but reserved jurisdiction to do so in the future.

Plaintiff appealed from the whole of the judgment but in her opening brief confined the appeal to the denial of alimony. The reservation of jurisdiction clause reads as follows: "That no alimony be awarded to plaintiff at this time and that plaintiff's right of alimony be and the same is hereby reserved to plaintiff to be exercised in the event of a substantial improvement in the financial circumstances of the defendant, but said right shall not be exercised until and except there be such substantial improvement."

(1) *Plaintiff complains that she did not get a fair trial*; i.e., that the trial court refused to hear all the evidence concerning the circumstances of the parties, rendered its decision before having all the evidence before it, and failed to hear all the evidence on extreme cruelty.

Our examination of the record does not bear out these contentions.

During the direct examination of plaintiff the trial judge indicated it was unnecessary to go into the detailed items of plaintiff's support needs, adding "because I know with that income [$635 per month, gross; $538 or $539, net] it is just a question of trying to make it go around. You can't stretch the pay check." Plaintiff's counsel thereupon indicated his concurrence and asked plaintiff the minimum amount needed for herself and the children. She said it would take from $350 to $360 per month. It does not appear that plaintiff was precluded from offering any evidence she had concerning her own needs.

Later, while court and counsel were discussing the division of the community property, plaintiff's counsel said, ". . . could we keep the matter of the division open while we present further facts to your Honor?" Defendant's counsel, responding, indicated a desire to submit the matter. Whatever plaintiff's counsel meant by the words "further facts" he did not go ahead with their presentation except to ask defendant a few questions concerning assets and income, if any, that had not already been presented to the court. Here, again, we see no curtailment. It is apparent that both parties, when they submitted the cause, understood they were doing so upon the evidence theretofore introduced.

Concerning the claim that plaintiff was prevented from putting on all her evidence concerning defendant's cruelty, it appears that near the conclusion of certain testimony of an agent of defendant's employer concerning defendant's earnings, the court asked plaintiff's counsel if he wanted to put on his corroborating witness. Counsel said he did, recalled plaintiff for one question, and then called the corroborating witness. We find nothing in the record to indicate that plaintiff's counsel wished to examine any witness further concerning cruelty.

It does not appear that plaintiff was precluded from offering any evidence that was relevant nor that the court prejudged any issue in the case.

■ (2) *Plaintiff claims insufficiency of evidence and abuse of discretion in relation to the failure to award alimony.*

The evidence does not support such a claim.

Deductions for taxes and health and medical insurance premiums reduced defendant's take home pay from $635 to about $538 a month. The $250 support payments to plaintiff for the children will cut that down to $288 a month, plus income from his share of the community property.

Those facts, plus the award of more than 70 per cent of the community property (including the family residence and a summer home, which latter presumably could be rented or sold), do not leave the nonaward of alimony without support in the evidence. Nor do they token abuse of discretion.

■ It is not a ground for reversal that the judgment granting an alimony award lacks the support of a finding or that no evidence was offered on that behalf. (*Scheibe* v. *Scheibe,* 57 Cal.App.2d 336, 343 [134 P.2d 835]; see also *Stanton* v. *Stanton,* 113 Cal.App. 462, 465-466 [298 P. 524].) *A fortiori* it should not be a ground for reversal that the denial of an award lacks the support of evidence, especially where there is no indication that plaintiff was precluded from presenting her case.

■ (3) *The clause reserving jurisdiction later to award alimony is too narrowly limited in scope.*

This clause purports to limit the exercise of such jurisdiction to the case in which it appears that there has been a "substantial improvement" in defendant's financial circumstances, inferentially excluding the case in which plaintiff's needs have increased. The law places no such limitation upon the jurisdiction which it gives the trial court to modify. (Civ. Code, § 139. See *Wilson* v. *Wilson,* 104 Cal.App.2d 167 [231 P.2d 128].) It is doubtful if any such limitation in a decree is or could be legally operative, but to avoid any doubt in that regard this clause should be modified to remove the limitation.

The interlocutory decree is amended by striking from the next to the last paragraph of the findings and from paragraph (6) of the judgment the words "substantial improvement in the financial circumstances of the defendant, but said right shall not be exercised until and except there be such substantial improvement," and inserting in lieu thereof the words "change of circumstances."

As thus modified the interlocutory decree is affirmed.

Peters, P. J., and Bray, J., concurred.